UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| CHIBING WANG and ZHAOXIN REN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No.   08 C 661 |
| v. ) | |
| ) | Judge Gottschall |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ANSWER**

The named federal defendants, by and through Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, and undersigned counsel, submits this answer to the plaintiff's complaint and petition for review to compel the defendant and those acting under him to take action on the application for naturalization filed by plaintiff, or alternatively, for the court to adjudicate the case itself and to administer the oath of naturalization.

**First Affirmative Defense**

The complaint fails to state a claim upon which relief can be granted with regard to the named defendants.

**Second Affirmative Defense**

Relief should be denied plaintiff as an exercise of judicial discretion to withhold relief. Defendants respectfully submit that even if the court is empowered to act, the only action it should take is to remand the case to the agency pursuant to 8 U.S.C. §1447(b) as this is not an appropriate case for the court to engage in the business of reordering interviews or other agency priorities, or jeopardize national security or the public safety by ordering the applications to be adjudicated out

of order thereby prejudicing the numerous individuals who met the requirements for naturalization before them and who are waiting to have their case adjudicated.

### Third Affirmative Defense

This matter is not ripe for adjudication because the statutorily required interviews and security checks have not been completed.

### Fourth Affirmative Defense

The defendants deny that the proper parties have been named in this matter.

### Fifth Affirmative Defense

Answering the specific allegations of the complaint, and using the same paragraph numbering, the defendants admit, deny or otherwise aver as follows:

**Complaint:**

1.  This action is brought to compel action on Plaintiff's Applications for Naturalization ("N-400") properly filed with the United States Citizenship and Immigration Services ("USCIS") by Plaintiffs in accordance with the requirements of 8 U.S.C. § 1445, Immigration & Nationality Act ("INN") § 334. Defendants' unreasonable delay in adjudicating the applications have caused unjust detriment to the Plaintiffs and deprived them of their right to due process under the law as provided by the Fifth Amendment to the United States Constitution.

**Answer:**    Defendants admit only that plaintiff has filed a petition under 8 U.S.C. §1445.

**Complaint:**

2.  Plaintiffs are husband and wife and natives and nationals of China, who have each been a Lawful Permanent Resident of the United States since November 7, 2001. *See* Exhibit A.

They have continuously resided in the United States, have satisfied the residency requirements for naturalization, and have been persons of good moral character.

**Answer:** Admit sentence one. Defendants lack sufficient information or knowledge to form a belief as to the truth of the statement in sentence two of paragraph 2.

**Complaint:**

3. Defendant MICHAEL CHERTOFF ("Chertoff"), the Secretary for the Department of Homeland Security ("DHS"), is being sued in his official capacity only. Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Chertoff, through his delegates, has authority to adjudicate naturalization applications filed with the USCIS to accord applicants citizenship under the provisions of INA § 335, 8 U.S.C. § 1446.

**Answer:** Admit.

**Complaint:**

4. Defendant MICHAEL MUKASEY ("Mukasey"), the Attorney General of the United States, is being sued in his official capacity only. Mukasey is authorized to promulgate regulations governing the implementation and administration of the INA pertaining to the naturalization of legal resident aliens and other qualified aliens.

**Answer:** Admit.

**Complaint:**

5. Defendant RUTH DOROCHOFF ("Dorochoff"), the District Director of Chicago USCIS, is being sued in her official capacity only. Dorochoff is charged with supervisory authority over all of Chicago USCIS operations and USCIS agents and officers acting in their official capacity.

**Answer:** Admit.

**Complaint:**

6. Defendant ROBERT S. MUELLER, III ("Mueller"), the Director of the Federal Bureau of Investigation (hereinafter "FBI"), is being sued in his official capacity only. Mueller is charged with supervisory authority over all of FBI operations and FBI agents and officers acting in their official capacity.

**Answer:** Admit.

**Complaint:**

7. Defendant EMILIO T. GONZALES ("Gonzales"), the Director of USCIS, is being sued in his official capacity only. Gonzales is charged with the duties of administrating and enforcing immigration and citizenship laws. 8 U.S.C. § 1103(g)(1).

**Answer:** Admit.

**Complaint:**

8. Defendant GERARD HEINAUER ("Heinauer"), the Acting Director of the Nebraska Service Center is being sued in his official capacity only. Heinauer is charged with supervisory authority over all of the Nebraska USCIS operations where the Plaintiffs' applications are currently pending.

**Answer:** Admit.

**Complaint:**

9. This court has original jurisdiction to hear both civil actions arising under the laws of the United States and actions to compel an officer or employee of the United States or any agency

thereof to perform a duty. 28 U.S.C. §§ 1331, 1361. This court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

**Answer:** Admit jurisdiction, but deny that plaintiffs are entitled to any relief under the provisions cited or any other provisions whatsoever.

**Complaint:**

10. This action is brought to compel Defendants, an officer and an agency of the United States, to perform the duties arising under 8 U.S.C. §§ 1446, 1447.

**Answer:** Defendants admit only that plaintiff has filed a petition under 8 U.S.C. §1445, and deny that plaintiffs are entitled to any relief under the provisions cited or any other provisions whatsoever.

**Complaint:**

11. This court has jurisdiction under the Administrative Procedures Act to hear actions arising from claims that an agency or officer or employee of a government agency failed to act in its official capacity and the person to whom the duty was owed suffered a legal wrong. 5 U.S.C. §§ 555(b), 702, 706(1).

**Answer:** Denied. Plaintiffs are not entitled to any relief under the APA, as no final agency decision has yet been rendered in this case.

**Complaint:**

12. This action invokes Plaintiffs' right of due process under the Fifth Amendment of the United States Constitution, over which this Court retains jurisdiction.

**Answer:** Deny that plaintiff have stated a claim for deprivation of due process under the Fifth Amendment.

**Complaint:**

13. Plaintiffs have exhausted all administrative remedies. Since filing their N-400 applications in 2006, Plaintiffs have made numerous Infopass appointments at the USCIS Chicago Office to appear in person and question an immigration officer about the status of their case. They have repeatedly been told that their applications are pending a background check. Plaintiffs also submitted a written inquiry to the citizenship office on November 8, 2007, to which they did not receive a response. See Exhibit B.

**Answer:**    Deny sentence one.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the statement in sentence two and three of paragraph 13.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the statement in sentence four of paragraph 13 concerning the alleged lack of response.

**Complaint:**

14. There is no administrative alternative to this complaint.  The FBI has made plain that the only way that an individual can require completion of a delayed security check is by U.S. District Court Order or through filing of a complaint in Federal Court.

**Answer:**    Denied.

**Complaint:**

15. Plaintiff Wang filed his N-400 Application for Naturalization on August 18, 2006. Plaintiff Ren filed her N-400 Application for Naturalization on September 5, 2006. *See* Exhibit C.

**Answer:**    Defendants lack sufficient information or knowledge to form a belief as to the truth of the statement in paragraph 15.

a

a

**Complaint:**

16.  Plaintiff Wang received a receipt notice on September 7, 2006 from USCIS acknowledging the receipt of his application. Plaintiff Ren received a receipt notice on September 25, 2006 from USCIS acknowledging the receipt of her application *Id.*

**Answer:**  Admit only that the referenced notices state that each applicant should expect to be notified of the date and place of interview within 540 days of the notice, and that the subject complaint was filed before the expiration of the 540-day period for either applicant.

**Complaint:**

17.  On September 29, 2006, Plaintiff Ren received a Fingerprint notice and attended her appointment on October 13, 2006. *See* Exhibit D. Plaintiff Wang has never received a fingerprint notice.

**Answer:**  Admit sentence one of paragraph 17. Defendants lack sufficient information or knowledge to form a belief as to the truth of the statement in sentence two of paragraph 17.

**Complaint:**

18.  Plaintiff Ren has waited well over a year for her initial interview, but USCIS failed to schedule the examination. Plaintiff Wang has waited well over a year to be fingerprinted and scheduled for his naturalization interview. To date there has yet to be an initial interview or notice on the adjudication of Plaintiffs' N-400 Applications.

**Answer:**  Admit only that the referenced notices state that each applicant should expect to be notified of the date and place of interview within 540 days of the notice, and that the subject complaint was filed before the expiration of the 540-day period for either applicant.

**Complaint:**

19.     The Government action in this matter constitutes a violation of its responsibility to decide Plaintiffs' N-400 applications in a timely and efficient manner. See 8 U.S.C. § 1447(b); 5 U.S.C. § 706(1).

**Answer:**     Denied.

**Complaint:**

20.     The INA requires the agency to decide an application within 120 days of an interview being provided. 8 U.S.C. § 1447(b).  In this respect the willful refusal of the agency to provide an interview is an indication of its abuse of discretion and unlawful action in undertaking its responsibilities under the INA.

**Answer:**     Denied.

**Complaint:**

21.     Furthermore, the USCIS' failure to adjudicate Plaintiffs' applications for naturalization violates the Administrative Procedures Act ("APA").  Section 555(b) of the APA requires that any matter presented to an agency must be decided within a reasonable period of time. *See* 5 U.S.C. § 555(b). USCIS' failure to act for well over a year after the N-400 filings is unlawful under the APA.  Additionally, APA § 706 allows a Court to "compel agency action unlawfully withheld or unreasonably delayed."

**Answer:**     Denied.  The referenced notices state that each applicant should expect to be notified of the date and place of interview within 540 days of the notice, and that the subject complaint was filed before the expiration of the 540-day period for either applicant

**Complaint:**

22.    An APA claim under section 706(1) can be brought if: First, "the agency action complained of [is a] 'final agency action'" and Second, the plaintiffs "assert that an agency failed to take a discrete agency action that it is required to take." *Elhauoat v. Mueller*, No. 07-632, 2007 U.S. Dist. LEXIS 58906 at *13 (E.D.Pa. August 9, 2007)( citing 5 U.S.C. § 704)(emphasis in original).

**Answer:**    Denied.  Plaintiffs are not entitled to any relief under the APA, as no final agency decision has yet been rendered in this case.

**Complaint:**

23.    The Supreme Court in *Norton v. South Utah Wilderness Alliance* held that a section 706(1) claim can proceed where a plaintiff "asserts that an agency failed to take a discrete agency action that it is required to take." 542 U.S. 55 (2004) (emphasis in original, emphasis omitted). The majority of district courts that have had the opportunity to hear the issue have held that USCIS has a statutory, non-discretionary duty to adjudicate Naturalization Applications. 8 U.S.C.§ 1447(b); 8 C.F.R. §§ 335.1, 335.3(a);  *See Lazli v. United States Citizenship & Immigration Servs.*, No. 05-CV-1680-BR, 2007 WL 496351 (D. Or. Feb. 12, 2007); *Elhaouat*, No. 07-632, 2007 U.S. Dist. LEXIS 58906 (E.D.Pa. 2007); *Shaat vs. Klapakis*, No. 06-5625, 2007 WL 2768859 at 3 (E.D.Pa., 2007); *Anjum v. Hansen*, No. 06-cv-00319, 2007 U.S. Dist. LEXIS 22685 at 14 (S.D.Ohio, Mar. 28, 2007) (stating that a "vast majority of courts" hold that USCIS has a non-discretionary duty to adjudicate N-400 applications.); *Sharawneh v. Gonzales*, No. 07-683, 2007 WL 2684250 at 3-4 (E.D.Pa. Sept.10, 2007); *Alkenani v. Barrows*, 356 F.Supp.2d 652, 657 (N.D.Tex. 2005). *Cf. Ahmed v. Mueller*, No. 07-0411, 2007 U.S. Dist. LEXIS 68847 (E.D.Pa. 2007); *Badier v. Gonzales*, 475

F.Supp.2d 1294 (N.D.Ga. 2006) (CIS has no discrete duty to act "because it is not constrained by any statutorily established time period" for processing a naturalization application.)

**Answer:** Denied. This matter is not ripe for adjudication because the statutorily required interviews and security checks have not been completed.

**Complaint:**

24. In *Shaat v. Klapakis* the plaintiff pled the same facts as in this case. The plaintiff in that case filed an N-400 application on May 24, 2005. Although USCIS had received her application, she was never scheduled for an initial interview. On December 26, 2006, plaintiff filed a petition seeking a writ of mandamus to compel a decision on her Naturalization application. The District Court held that USCIS has a non-discretionary "duty to adjudicate naturalization applications that is 'positively commanded and so plainly prescribed as to be free from doubt.'" 2007 WL at *5 (citing *Harmon Cove Condominium Asso. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987)). The court further explained that USCIS' duty to adjudicate is non-discretionary, despite the lack of a statutory deadline, because holding otherwise would in effect give USCIS authorization to never act so long as there is no statutorilyprescribed time frame for it to do so. *See Shaat*, 2007 WL at *4. Furthermore, giving USCIS a discretionary duty to adjudicate "makes little sense in light of 5 U.S.C. § 555(b), which requiresagencies to act within a 'reasonable time' on matters presented to it." *Badier*, 475 F.Supp.2d 1294.

**Answer:** Denied. The referenced notices state that each applicant should expect to be notified of the date and place of interview within 540 days of the notice, and that the subject complaint was filed before the expiration of the 540-day period for either applicant.

**Complaint:**

25. Plaintiffs' files demonstrate that they meet all the requirements to naturalize. While it is true the final decision includes an element of discretion, the instant applications have been delayed by government inaction in completing administrative security clearances, which do not involve any exercise of discretion. The government's failure to schedule interviews is an abuse of its discretionary authority. *Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954) (Reversal and remand of an INS District Director's decision on the grounds that he had not actually exercised discretion). The failure of the government to make a decision is a violation of the type of duty identified in 28 U.S.C. § 1361. Under Mandamus, this Court has the power to compel action to perform that duty although it cannot mandate whether the decision is to approve or to deny.

**Answer:** Denied. Defendants deny that plaintiffs are entitled to the relief sought or any relief whatsoever. Further answering, defendants deny each and every allegation or prayer not specifically admitted in this Answer.

Wherefore, having fully answered plaintiffs' complaint, defendants pray that same be dismissed with prejudice.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

    By: s/Ernest Y. Ling
       ERNEST Y. LING
       Assistant United States Attorney
       219 South Dearborn Street
       Chicago, Illinois 60604
       (312) 353-5870
       ernest.ling@usdoj.gov